UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:25-cv-07290-BFM             **Date:**  September 18, 2025

**Title:**  *Jackson et al v. Renew Health Consulting Services, LLC et al*

================================================================

Present:  The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:
                N/A                                  N/A

**Proceedings:   (In Chambers) Order Discharging Order to Show Cause (ECF 6); Order Remanding Case**

This action was removed from the Los Angeles County Superior Court by now-dismissed Defendant Noridian Healthcare Solutions, LLC. Noridian alleged that there was federal jurisdiction based on a federal question or the Federal Officer Statute. (ECF 1 at 3-6.) The parties subsequently stipulated to dismissal of Noridian from the action. (ECF 4, 6.) Following that dismissal, the Court issued an order to show cause why the matter should not be remanded. (ECF 6 at 2.)

In its OSC response, Noridian's counsel stated that Noridian intended to remove to federal court the claims against Noridian but "did not intend to interfere with the state court claims against the remaining Defendants and did not believe it had removed them." (ECF 7 at 2.)[1] Noridian's counsel further

---

[1] This claim is both factually and legally dubious. First, there is no evidence that this matter was only partially removed to federal court as Noridian suggests. (*See* ECF 1-2 at 3 (Noridian's state court Notice of Filing of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:25-cv-07290-BFM                **Date:**  September 18, 2025

**Title:**  *Jackson et al v. Renew Health Consulting Services, LLC et al*

===============================================================

noted that if the entire action had been removed to federal court, Noridian did not oppose remand of all claims against the remaining Defendants to state court. (ECF 7 at 2.) No other parties responded to the Order to Show Cause. In light of Noridian's response, the Order to Show Cause (ECF 6) is **discharged**.

Courts may raise the question of subject matter jurisdiction *sua sponte* during the pendency of the action. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); Fed. R. Civ. P. 12(h)(3). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, Noridian's Notice of Removal alleged that the Court had jurisdiction based upon either: (1) federal question jurisdiction stemming from

---

Notice of Removal states that Noridian "removed this action to the United States District Court" and that "this Court may proceed no further unless and until the case is remanded.").) Second, Noridian's suggestion that it could remove part of the case pursuant to Section 1441 or 1442 is legally unsound. "Section 1442 (a)(1) permits removal of the '*entire* case, not merely the portion affecting' the removing party." *Espinoza v. Moreno*, No. 108CV00931OWW-SMS, 2009 WL 3211006, at *3 (E.D. Cal. Sept. 30, 2009) (quoting *California v. NRG Energy Inc.*, 391 F.3d 1011, 1023 (9th Cir.2004), *rev'd on other grounds, Powerex Corp. v. Reliant Engery Servs., Inc.,* 551 U.S. 224 (2007)); *see also Foster Poultry Farms, Inc. v. Int'l Bus. Machines Corp.*, No. CIV-F-06-0680 AWI SM, 2006 WL 2769944, at *10–11 (E.D. Cal. Aug. 1, 2006) (defendant could not remove only claims alleged against it pursuant to 28 U.S.C. § 1441) (citing *Murphy v. Kodz*, 351 F.2d 163, 165-67 (9th Cir. 1965) (removal pursuant to 28 U.S.C. § 1442 properly removed the "entire case in both its federal and non-federal facets")). In any event, whether the entire action was removed appears to be an academic question at this point, considering the remainder of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:25-cv-07290-BFM                                  **Date:**   September 18, 2025

**Title:**   *Jackson et al v. Renew Health Consulting Services, LLC et al*

===============================================================

its Medicare Administrative Contractor contract with the U.S. Department of Health and Human Services; or (2) the Federal Officer Statute, as Defendant Noridian was acting under the federal Centers for Medicare & Medicaid Services agency. (ECF 1 at 3-6.) Regarding federal question jurisdiction, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (federal question jurisdiction is "invoked by and large by plaintiffs pleading a cause of action created by federal law"). The Federal Officer Statute permits removal where a civil action is pending against the United States, any of its agencies, or any of its officers. 28 U.S.C. § 1442(a)(1).

Based upon the record in this case, the Court finds that remand is appropriate. First, no federal question jurisdiction remains in the case. Plaintiff alleges no federal cause of action. Any federal question arising from Noridian's connections to federal agencies is no longer at issue. (ECF 7.) And while Plaintiff's complaint alleges violations of federal standards concerning patient care, *see* 42 U.S.C. § 1395i-3(b)(1)(A) *et seq.* and 42 C.F.R. § 483.15 *et seq.* (ECF 1-1 at 13-14), courts have found citations to those provisions insufficient for federal question jurisdiction. *Mou v. SSC San Jose Operating Co. LP*, No. 5:18-CV-01911-EJD, 2018 WL 3207978, at *2 (N.D. Cal. June 29, 2018) (holding that federal question jurisdiction was not established as "determining whether or not Defendants violated provisions of 42 U.S.C. § 1395i-3 or 42 C.F.R. § 483.10 does not 'justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers.'") (quoting *Grable*, 545 U.S. at 312); *Willis v. Jefferson Hosp. Ass'n, Inc.*, No. 5:05CV00212 JLH, 2005 WL 8164666 (E.D. Ark. Sept. 8, 2005) (remanding and finding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:25-cv-07290-BFM   **Date:**  September 18, 2025

**Title:**  *Jackson et al v. Renew Health Consulting Services, LLC et al*

===============================================================

allegation of 42 U.S.C. § 1395i-3 violation insufficient to confer federal question jurisdiction).

Second, the Federal Officer Statute does not convey subject matter jurisdiction here. There is no indication in the record that the remaining Defendants are agencies or officers of the United States. (*See* ECF 1, ECF 1-1.)

As neither basis for removal jurisdiction appears to be present—and as no party who remains in the case has stepped up to say that the case should be in federal court—the Court applies the "strong presumption" against removal jurisdiction, and orders this case **remanded** to the Superior Court of California, County of Los Angeles. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("defendant always has the burden of establishing that removal is proper."); 28 U.S.C. § 1447(c).

**IT IS SO ORDERED**.

cc:   Counsel of Record

Initials of Preparer:   ch